UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:12-CR-21 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| JUSTIN HOLIFIELD ) | |

**MEMORANDUM**

Defendant Justin Holifield ("Defendant") has filed a motion to suppress all evidence seized as the result of a traffic stop on November 24, 2011 (Court File No. 16). Defendant's motion was referred to United States Magistrate Judge William B. Mitchell Carter, who held a hearing and subsequently filed a report & recommendation ("R&R") recommending Defendant's motion be denied (Court File No. 24). Defendant timely objected (Court File No. 25) and the Government filed a response (Court File No. 27). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 24). Accordingly, the Court will **DENY** Defendant's motion to suppress (Court File No. 16).

**I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The Court incorporates those portions of the magistrate judge's recitation of the facts to which objections have not been made, and only recounts the facts underlying the issues addressed in this memorandum. The Court will identify Defendant's objections to the factual findings.

On November 24, 2011, at approximately 1:00 a.m., Chattanooga Police Department Officer Derek Roncin was on routine patrol in a marked vehicle. He was in an area known to have a high number of break-ins during the holiday season. Roncin observed a vehicle approaching from the opposite direction, but because of the vehicle's bright headlights, he could not see the individuals

inside. Roncin turned into a driveway on the left. As the car passed approximately ten to fifteen feet from the rear of Roncin's patrol car, he looked over his shoulder and observed the vehicle's rear license plate was expired. At the evidentiary hearing, Roncin testified he always looks at vehicle tags while on duty. Defendant contends Roncin would not have been able to clearly see the vehicle tag and, therefore, would not have been able to determine whether it was expired. At the hearing, Roncin testified that parts of the neighborhood were lit with streetlights.

Roncin subsequently followed the car as it turned into a nearby driveway. The magistrate judge found Roncin parked his patrol car on Eldridge Road. Defendant, however, contends Roncin parked directly behind Defendant's vehicle, blocking him in the driveway.

Defendant then stepped out of the car. Roncin advised Defendant to return to the vehicle and to provide his license and registration information. Defendant, backing away, pointed at the house in whose driveway he was parked and stated the items were inside. Roncin observed Defendant was also looking at the house next door. Defendant continued to back away and Roncin ordered Defendant to stop. Defendant then fled and Roncin pursued yelling "Stop, police!" Roncin deployed his taser, which proved ineffective. Roncin finally restrained Defendant after chasing him between two houses. He pinned Defendant to the ground until back-up arrived. During this time, Defendant made statements such as "God help me, God help me. I'm done this time, I'm screwed." While restraining Defendant, Roncin also felt a hard metal object in Defendant's right hand underneath Defendant's body.

When Defendant was later handcuffed and patted down, a second officer discovered Defendant had a loaded .9 mm handgun on his person. Roncin found a loaded .32 chambered pistol on the ground near the spot where he had struggled with Defendant. After Defendant was read his

2

*Miranda* rights, Defendant explained one of the guns was for personal protection and the other belonged to his mother. He also voluntarily gave an officer at the scene a bottle containing marijuana and prescription pills.

After checking the vehicle's registration, Roncin learned the vehicle did not belong to Defendant. He also learned Defendant's driver's license had been revoked and Defendant did not have a permit to carry a concealed weapon. Finally, he discovered Defendant had no connection to the area where he had been detained. Defendant was arrested for driving with a revoked license, resisting arrest, unlawful possession of a firearm, and possession of marijuana.

On February 29, 2012, Defendant was indicted by a federal grand jury and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant's motion to suppress is pending.

## II.   STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). However, *de novo* review does not require the district court rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). The magistrate judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999). The magistrate judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

3

Case 1:12-cr-00021-TRM-CHS   Document 28   Filed 12/07/12   Page 3 of 7   PageID #: 113

## III. DISCUSSION

Defendant objects to two of the magistrate judge's factual findings and argues, more broadly, that the magistrate judge erred in concluding Defendant's seizure did not violate the Fourth Amendment. The Court will address each issue in turn.

### A. Factual Findings

Defendant first objects to the magistrate judge's finding that Roncin could clearly see Defendant's vehicle tag and could determine it was expired. The magistrate judge made this finding, however, based upon the testimony offered by Roncin at the evidentiary hearing. Roncin testified it was his regular practice to check vehicle tags for proper registration while on patrol at night (Court File No. 26 ("Hr'g Tr."), at 28). He explained that, after pulling into a nearby driveway, he observed Defendant's license plate by looking over his shoulder at Defendant's vehicle, which was approximately ten to fifteen feet away (*id.* at 27). He saw Defendant's license plate and observed Defendant's registration was expired (*id.* at 9-10, 25, 32). When questioned about visibility due to the late hour, Roncin explained parts of the neighborhood were lit with streetlights. Defendant offered no testimony or evidence at the hearing to refute Roncin's testimony nor has he offered any evidence to discredit Roncin's testimony. Thus, the Court will deny Defendant's first objection.

Next, Defendant contends the magistrate judge erred when he failed to find Roncin blocked Defendant's vehicle in the driveway, preventing him from leaving. At the hearing, however, Roncin explicitly stated, "I did not follow [Defendant's vehicle] into the driveway. I stayed on Delashmitt or, I'm sorry, Eldridge" (*id*. at 28). Based on this and other testimony, the magistrate judge found Roncin was parked on Eldridge Road. In the absence of any other evidence to the contrary, the Court will again deny Defendant's objection.

4

Accordingly, the Court will accept and adopt all of the magistrate judge's factual findings.

**B.     Legal Conclusions**

Because Defendant's objections to the factual findings in the R&R lack merit, it also follows that Defendant's objections to the magistrate judge's legal conclusions must also fail. Defendant argues he was racially profiled and, because Roncin could not see Defendant's tag, Roncin lacked sufficient grounds to conduct a traffic stop. Defendant also contends Roncin's conduct amounted to a warrantless *Terry* stop.

A law enforcement officer "legally may stop a car when he has probable cause to believe that a civil traffic violation has occurred." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (citing *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007)).[1] Here, based on the magistrate judge's factual findings, which this Court has adopted, Roncin had probable cause to stop Defendant because he observed Defendant's tag was expired, in violation of Tenn. Code Ann. § 55-4-101(f). Section 55-4-101(f), *inter alia*, requires that a party must maintain valid vehicle registration. Moreover, as noted by the magistrate judge, once Defendant fled during the traffic stop, he committed a second crime, and one for which he could be arrested. *See* Tenn. Code Ann. § 39-16-602.[2] Thus, after Defendant was arrested, any subsequent search would have been lawful incident

---

[1] In fact, although the case law in this circuit is split, under some circumstances, the Court can even apply the more-deferential reasonable suspicion standard. *United States v. Taylor*, 471 F. App'x 499, 510-11 (6th Cir. 2012). *See United States v. Simpson*, 520 F.3d 531, 541 (6th Cir. 2008) (concluding that with respect to an "ongoing offense," civil or criminal, the proper standard for an investigatory traffic stop under the Fourth Amendment is reasonable suspicion).

[2] Section 39-16-602(a) provides:

(a) It is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer . . . from effecting a stop, halt, arrest or

5

to the arrest. *United States v. McCraney*, 674 F.3d 614, 618-19 (6th Cir. 2012).

Defendant also contends he was unlawfully stopped on the basis of race. There is no evidence in the record, however, that Defendant was racially profiled. Moreover, because Roncin had probable cause to stop Defendant for the traffic violation, Roncin's actual intentions were irrelevant. *See Whren v. United States*, 517 U.S. 806, 813 (1996) (noting "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). Thus, even if Roncin had some other intent, the Court's determination that Roncin did not violate Defendant's Fourth Amendment rights remains unaltered.

Finally, the magistrate judge was correct to alternatively conclude Roncin was justified to effect a *Terry* stop once Defendant fled.[3] An officer may effect a *Terry* stop when he "has reasonable, articulable suspicion that [a] person *has been*, is, or is about to be engaged in criminal activity." *United States v. Atchley*, 474 F.3d 840, 847 (6th Cir. 2007) (quoting *United States v. Hensley*, 469 U.S. 221, 227 (1985)). In the instant case, Roncin had several facts upon which he could form reasonable suspicion. It was a late hour and the area was known to have a high number of break-ins. Moreover, Defendant stated his documents were in one house, yet he was looking in a different direction as he was backing away. Most importantly, Defendant fled. Considering the totality of the evidence, Roncin had reasonable suspicion to determine a crime had been or was

---

search of any person, including the defendant, by using force against the law enforcement officer or another.

[3] Defendant's argument that the *Terry* stop began when the officer blocked Defendant's vehicle in the driveway is to no avail because the Court rejected Defendant's objection to the factual finding on this matter. Moreover, Defendant's reliance on *United States v. See*, 574 F.3d 309, 313 (6th Cir. 2009) is misplaced because, in addition to the incident occurring at 1:00 a.m. and the neighborhood being a high-crime area during the holidays, Roncin had additional facts supporting his reasonable suspicion determination.

6

about to be committed. *See Illinois v. Wardlow*, 528 U.S. 119, 124,(2000) (noting unprovoked flight is a significant factor to consider in determining reasonable suspicion); *Blair*, 524 F.3d at 750 (noting that being in a high crime area and it being a late hour can support reasonable suspicion when considered alongside other factors).

Because Defendant's Fourth Amendment rights were not violated, evidence obtained as a result of the traffic stop and subsequent detention should not be suppressed.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 24). The Court will **DENY** Defendant's motion to suppress (Court File No. 16).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

7

Case 1:12-cr-00021-TRM-CHS   Document 28   Filed 12/07/12   Page 7 of 7   PageID #: 117